## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TOMMY WHITLOW, on behalf of himself**<br>**and all other similarly situated individuals,** ) ) ) | |
| **Plaintiff,** ) ) | |
| **v.** ) ) ) | **Case No. CIV-16-1330-R** |
| **CRESCENT CONSULTING, LLC.** ) ) | |
| **Defendant.** ) | |

## <u>ORDER</u>

Before the Court is Whitlow's Motion for Conditional Certification. [Doc. 30]. The matter is fully briefed. For the reasons set forth herein, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART. The Court will conditionally certify a class consisting of all persons that served as drilling consultants for Crescent Consulting, LLC, and were paid as independent contractors, that were provided a 1099 rather than a W-2, and paid a "day-rate" without overtime at any time since April 29, 2014.[1]

The Fair Labor Standards Act ("FLSA") ensures that certain employers pay their employees overtime compensation if earned. *See* 29 U.S.C. § 207. The Act creates a private right of action for "one or more employees" to bring an action against their employer to recover unpaid wages or overtime compensation on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike a class action under Rule

---

[1] This date accounts for the 107 days the statute of limitations was tolled pending discovery and Defendant's response to the instant motion. This same date should be used throughout the Notice as necessary.

23, an action on behalf of similarly situated employees under the FLSA is denoted a collective action, and putative plaintiffs must "opt in" rather than "opt out." *See* 29 U.S.C. § 216(b)("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become a party and such consent is filed in the court in which such action is brought.") Pursuant to these provisions, Tommy Whitlow challenges the pay he received from Defendant Crescent Consulting LLC.'s in his capacity as a drilling consultant. He seeks to pursue this action on behalf of all "drilling consultants employed by, or working on behalf of, Crescent Consulting, LLC as independent contractors and paid on a day rate any time between three years prior to the date of [any order certifying a collective action] and the present." [Doc. No. 30, pp. 13-14]. As noted above, § 216(b) permits similarly situated employees to pursue a collective action; however, the term "similarly situated" is not defined by the FLSA. *See Thiessen v. Gen. Elec. Capital Corp*., 267 F.3d 1095, 1102 (10th Cir. 2001).

In *Thiessen*, the Tenth Circuit discussed three approaches to assessing whether putative plaintiffs are similarly situated and therefore certification of a collective action is appropriate: the *ad hoc* approach, the Rule 23 approach, and the spurious approach. *Id.* at 1102-03. The court was called upon to consider whether, in the context of an action under the Age Discrimination in Employment Act ("ADEA"), the district court erred in utilizing the *ad hoc* approach. Under this approach, the district court undertakes a two-step inquiry, the first of which utilizes a lenient standard for assessing whether putative plaintiffs are similarly situated. Step one, known as the notice step, mandates "nothing more than substantial allegations that the putative class members were together the victims of a single

2

decision, policy, or plan." *Id.* at 1102 (internal quotation marks omitted). Step one

certification is the vehicle by which the Court authorizes the named plaintiff to give notice

to the other similarly situated persons, granting them the opportunity to opt in by filing a

consent with the Court. Step two, which occurs after discovery, invokes a stricter level of

review, the Court considering "(1) disparate factual and employment settings of the

individual plaintiffs; (2) the various defenses available to defendant which appear to be

individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether

plaintiffs made the filings required . . . ." *Id.* at 1103 (internal quotation marks omitted).

The second stage is commonly referred to as the decertification stage. In *Thiessen* the Tenth

Circuit approved reliance on the *ad hoc* approach, although it noted that all three

approaches generally call for consideration of "the same or similar factors." *Id.* at 1105.

Since *Thiessen*, the undersigned has applied the two-step approach in FLSA actions,

despite the fact that *Thiessen* arose under the ADEA.[2] *See Hart v. Sandridge Energy, Inc.,*

Case No. 14-cv-00178-R (Doc. No. 76); *Foust v. CPI Security Services Inc.*, Case No. 16-

cv-1447-R (Doc. No. 54); *Benson v. Plaster & Wald Consulting Corp.*, Case. No. 16-cv-

801-R (Doc. No. 37). Nothing in Defendant's brief convinces this Court that its prior

---

[2] The ADEA borrows the FLSA's enforcement mechanisms. *See* 29 U.S.C. § 626(b) (incorporating § 216(b)). Defendant argues that due to the differing contexts, this Court should not rely on *Thiessen*. To the extent Defendant argues *Thiessen* and its *ad hoc* approach do not apply, the Court would alternatively adopt the analysis set forth by the District of Colorado in *Turner v. Chipotle*, 123 F.Supp.3d 1300 (D.Colo. 2015), wherein the court eschewed the formalities of a two-step certification process, concluding that liberal joinder of similarly situated parties should be permitted. It concluded courts should "presumptively allow workers bringing the same statutory claim against the same employer to join as a collective, with the understanding that individuals may be challenged and severed from the collective if the basis for their joinder proves erroneous." *Id.* at 1309. Under this approach, the Court has no difficulty concluding that driller consultants engaged by Defendant to perform operations for third-parties and paid as independent contractors under a common scheme, as alleged in Plaintiff's briefs and the evidence in support thereof, could be properly joined in this action with Mr. Whitlow.

holdings were inappropriate or that it should deviate from application of the *ad hoc* approach to certification in this FLSA action.

As such, at this first step the Court is concerned with whether Mr. Whitlow has made substantial allegations that the drilling consultants were the victims of a single decision, policy or plan. Mr. Whitlow alleges in his November 21, 2016 Complaint that he was employed by Crescent Consulting as an oilfield contractor and/or consultant. [Complaint, ¶ 6]. He contends he and other drilling consultants were improperly classified by Defendant as independent contractors, and paid a day rate—that is a set amount of compensation for each day worked irrespective of the number of hours worked—without overtime for hours worked in excess of forty in any given workweek. Plaintiff Whitlow contends he worked in excess of forty hours each week while engaged by Crescent Consulting, and that Defendant's failure to compensate him for these hours violated the FLSA. *See* 29 U.S.C. § 207(a)(1).

As set forth above, because the Court is at the "notice stage," it limits inquiry to whether Mr. Whitlow makes substantial allegations that the putative members of the class were victims of a single policy or plan. Mr. Whitlow alleges and presents evidence that Defendant retained persons it identified as independent contractors to serve as drilling consultants for third parties, such as Sandridge Energy and Chesapeake Energy. These persons were allegedly paid a set day rate, regardless of the number of hours worked in a day, and more importantly, without regard to whether the drilling consultant worked more than forty hours in a given workweek. Plaintiff alleges the putative plaintiffs were subject to a compensation-scheme that violates the FLSA because they are not properly considered

4

exempt from the overtime provisions of the Act, but yet received no overtime pay.[3] Plaintiff also submits affidavits from other drilling consultants that support his contention that they were similarly situated in that they were paid according to the same structure and performed similar duties on well sites. The Court finds that the allegations and evidence submitted are sufficient to establish that the putative plaintiffs are similarly situated so as to permit conditional certification.

Defendant contends conditional certification is inappropriate in this misclassification case in part because the issue of whether any particular Plaintiff was an employee of Defendant, rather than an independent contractor, will require an individual analysis under the economic realities test. *See e.g. Baker v. Flint Engineering and Const. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998)(noting that in light of the breadth of the definition of "employ" under the FLSA, that the status of a person under the FLSA is not limited to common law concepts of employees or independent contractors, but rather focuses on the economic realities of the relationship).  Adopting district court authority from outside the Tenth Circuit, Defendant argues that the Court should consider the economic realities test in conjunction with evidence it submitted and conclude that the putative plaintiffs are not similarly situated and therefore conditional certification is appropriate.[4]

---

[3]  Plaintiff Whitlow and three additional persons who filed notices to opt in submitted affidavits in support of the instant motion. Therein each alleges that Crescent exercised control over all aspects of his employment, that Defendant did not require substantial investment by Plaintiff in order for him to perform his work because the client provided the necessary tools and equipment. Each avers that Crescent secured the clients and that serving as a drilling consultant requires no specialized training, advanced degree, and they did not exercise discretion in the performance of their jobs, following the well plan without deviating from establishing policies or procedure. Doc. No. 30, Exhibits A-D.

[4]  There is no Tenth Circuit precedent addressing consideration of the economic realities test at step one of the *ad hoc* approach.

Courts are split as to whether the economic realities test should be utilized when determining whether to conditionally certify a class in an FLSA action concerning an allegedly wrongful independent contractor designation. . . . Some courts have held that the economic realities inquiry is only appropriate at the decertification stage. . . . Other courts have held that the economic realities test ought to inform the assessment of whether class members are similar enough to warrant conditional certification. . . .

*Tamez v. GHP Billiton Petroleum (Americas), Inc.*, 2015 WL 7075971 (W.D.Tex. Oct. 5, 2015)(collecting cases). The undersigned agrees with those courts that have concluded the economic realities inquiry is appropriate at step two of the *ad hoc* approach, that is in addressing a motion for decertification.  As noted by the court in *Carter v. XPO Last Mile, Inc.*, 2016 WL 5680464 (N.D.Cal. Oct. 3, 2016):

I am also not persuaded by the analyses of courts that reject conditional FLSA certification in independent contractor misclassification cases solely because the independent contractor analysis is fact intensive and because there are alleged differences between class members (e.g., hours worked, investments made). If that were the test, no independent contractor misclassification case could be certified under FLSA. *See Demauro v. Limo, Inc.*, No. 8:10-CV-413-T-33AEP, 2011 WL 9191, at *3 (M.D. Fla. Jan. 3, 2011) ("the individualized analysis needed to determine whether each driver is an independent contractor or employee for FLSA purposes precludes class certification."); *In re FedEx Ground Package Sys., Inc., Employment Practices Litig.*, 662 F. Supp. 2d 1069, 1083 (N.D. Ind. 2009) (denying conditional certification because "the court must take into consideration the actual history of the parties' relationship, necessitating an individualized examination of the multiple factors relating to each drivers' employment."). Whether there are materially significant differences is best tested at the "second step" of the FLSA certification process. *See, e.g., Gilbert v. Citigroup, Inc.*, C-08-0385 SC, 2009 U.S. Dist. LEXIS 18981, * 10, 2009 WL 424320 (N.D. Cal. Feb. 18, 2009) ("Defendants' concern about individualized inquiries does not require the Court to deny conditional certification....Under the two-stage certification procedure, Defendants can present this evidence and make these arguments as part of a motion to decertify the class once discovery is complete.").

*Id.* at \*5. The Court finds here that Plaintiff has sufficiently alleged and presented evidence to support his burden at step one. Each of the identified plaintiffs allege payment at a day rate, regardless of the number of hours worked in a week. Each putative plaintiff was engaged by Defendant Crescent Consulting, LLC to serve as drilling consultant and assigned to the jobsite of a Crescent client. The putative plaintiffs describe their job duties similarly. Furthermore, as noted in *Tamez*, "[w]hereas here, Plaintiffs allege that the compensation scheme is in of itself a violation of the FLSA. No further factual inquiry is necessary. . . . [L]iability can be determined collectively without limiting the class to a specific job position." 2015 WL 7075971, at \* 3. Having rejected Defendant's contention that the Court should delve into the economic realities test at step one, the Court concludes that conditional certification is appropriate with regard to those persons engaged as drilling consultants by Defendant and whose pay is reported via 1099─ that is the consultant was treated by Defendant as independent contractor. The remaining issues are how broadly defined the conditional class should be and the timing, content, and method of notice to be given to putative plaintiffs.

With regard to the breadth of the class, Plaintiff Whitlow contends notice should be extended to all drilling consultants engaged by Defendant Crescent Consulting, LLC at its various locations across the United States. Defendant's alternative to challenging conditional certification is to argue that the class should be limited to drilling consultants who worked for Chesapeake, SandRidge, or Samson in Alfalfa, Beckham, Major, Roger Mills, or Woods County, Oklahoma, or in Barber, Clark, Comanche, Finney or Harper County, Kansas. Defendant contends this limitation is appropriate because the Plaintiffs

that have thus far opted in worked for Chesapeake, Samson, and Sandridge in those locations during the alleged statutory period. Crescent Consulting contends that "Plaintiffs offer no substantial basis in their brief or their declarations that support the conclusion that drilling consultants who worked for these operators in other locations or for other operators in **any** locations are similarly situated and, thus, should be included among the putative class." [Doc. No. 72, p. 21].

In his Reply in support of certification Plaintiff Whitlow attaches excerpts from the deposition of Colley Andrews, Defendant's corporate representative. Mr. Andrews testified that consultants for Crescent Consulting, LLC do not have the option of being W-2 employees, but rather must agree to be treated as independent contractors. [Doc. No. 74-5, p. 63].[5] Defendant identified one client, BP, Lower 48, that required drilling consultants be employees of the company supplying the workers. As a result those persons were employed by a different entity under the same umbrella of entities. [*Id.* at 73-74]. Based on the testimony of Mr. Andrews as well as the opt-in of Larry Henry who worked in Ohio and West Virginia, the Court finds that Plaintiff has established that the same independent contractor's policies were utilized company-wide. "[G]eographic commonality is not necessary to satisfy the FLSA collective action's 'similarly situated' requirement, so long as the employees were impacted by a common policy." *McCloud v. McClinton Energy Grp., L.L.C.* 2015 WL 737024, *8 (W.D. Tex. Feb. 20, 2015)(quotation marks omitted quoting *Vargas v. Richardson Trident Co.,* 2010 WL 370155, at *8 (S.D.Tex. Feb. 22,

---

[5] At this juncture the Court makes no findings regarding the status of any individual as an employee of the Defendant for purposes of the FLSA.

2010)).  Thus, "'if there is reasonable basis to conclude that the same policy applies to multiple locations of a single company, certification is appropriate.'" *Id.* (brackets omitted)(quoting *Rueda v. Tecon Servs.,* 2011 WL 2566072, at *4, 2011 U.S. Dist. LEXIS 69356, at *4 (S.D. Tex. 2011)). The Court finds a reasonable basis to conclude a singular policy with regard to drilling consultants and a lack of overtime pay, and accordingly, concurs with Plaintiff's request for conditional certification of drilling consultants working on behalf of Crescent Consulting, LLC as independent contractors.

Once a collective action is conditionally approved, "the court has managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Hoffmann-LaRoche v. Sperling*, 493 U.S. 165, 170-71, 110 S.Ct. 482 (1989). "The overarching policies of the FLSA's collective suit provisions require that the proposed notice provide accurate and timely notice concerning the pendency of the collective action, so that [putative collective action members] can make informed decisions about whether to participate." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011) (internal citations and quotations omitted).Defendant makes objections to both the substance of Plaintiff's Proposed Notice and his requested methodology for providing notice to potential plaintiffs. Defendant raises four specific concerns about the contents of the proposed notice, which the Court shall address in turn.[6]

---

[6] In his Reply to Plaintiff's response to Defendant's request for substantive changes to the notice is limited to the following: "Crescent's unreasonable modifications (hundreds) to Whitlow's Notice forms used throughout the Nation should be disregarded, and Whitlow's Notice forms should be approved." Doc. No. 74, p. 10.

9

Defendant first contends the proposed notice is deficient because it fails to inform potential plaintiffs of the effects of opting into this action, specifically, the potential for liability to Defendant for its costs should it prevail, and the fact that a plaintiff might have to travel to Oklahoma City to participate in discovery. Because the Court has agreed with Mr. Whitlow that a nationwide class is appropriate, the Court agrees with Defendant that putative plaintiffs should be informed of their obligations to participate actively in the litigation should they choose to opt in. As such, the Court orders Plaintiff to add the following to the notice: "While the suit is proceeding, you may be required to provide information, sit for depositions, and testify in court, and some or all of these activities may occur in Oklahoma." *See Byard v. Verizon W. Virginia*, Inc., 287 F.R.D. 365, 374 (N.D.W. Va. 2012) (quoting *Fisher v. Michigan Bell Telephone Co.*, 665 F.Supp.2d 819, 829 (E.D. Mich. 2009); *Russell v. Illinois Bell Tele. Co.*, 575 F.Supp.2d 930 (N.D. Ill. 2008)). The Court also concurs with Defendant's request with regard to notifying putative plaintiffs about the potential that they could be ordered to pay defense costs.[7]

> Some courts have rejected the argument that fairness and accuracy require that a notice include a warning about court costs, reasoning that (i) "the FLSA is silent as to whether prevailing defendants may recover their costs"; and (ii) "the warning could discourage potential plaintiffs from participating." *Gieseke v. First Horizon Home Loan Corp.*, 2006 WL 2919076, at \*2, 2006 U.S. Dist. LEXIS 76732, at \*6 (citation omitted). More recently, however, courts have required such warnings, reasoning that, "because some courts have awarded costs to prevailing defendants in FLSA cases, such an award 'is clearly possible and is not merely theoretical.'" *Wass v. NPC Int'l, Inc.*, 2011 WL 1118774, at \*8, 2011 U.S. Dist. LEXIS 32761, at \*26 (emphasis in original)(quoting *Creten–Miller v. Westlake Hardware, Inc.*, 2009 WL 2058734, at \*4, 2009 U.S. Dist. LEXIS 60393, at \*3–4). In *Wass v. NPC*

---

[7] The proposed notice states that "[i]f this case is not successful, you will receive nothing and you will not be responsible for any of case costs, expenses, or attorneys fees." Doc. No. 30-4, Appendix 1.

*Int'l, Inc.*, for example, the United States District Court for the District of Kansas held that, "because an award of costs is a possibility under the existing caselaw, potential class members should be informed of that possibility." 2011 WL 1118774, at *8, 2011 U.S. Dist. LEXIS 32761, at *26–27. The court thus required that notice to potential class members in that case include the following language: "If you do not prevail on your claim, court costs and expenses (not including [the defendant's] attorney fees) may possibly be assessed against you." *Wass v. NPC Int'l, Inc.*, 2011 WL 1118774, at *8, 2011 U.S. Dist. LEXIS 32761, at *27.

*Landry v. Swire Oilfield Services, L.L.C.*, --- F.Supp.3d ---, 2017 WL 1709695, *38 (D.N.M. 2017).  The Court concurs with the conclusion reached by the court in *Landry*, and therefore orders that Plaintiff remove the language quoted above in footnote 6 and replace it with: "If this case is not successful, you will receive nothing. Also, if Plaintiffs lose, they could be responsible for paying court costs and expenses (not including Defendant's attorneys' fees)." Specifically informing Plaintiffs they will not be responsible for Defendant's attorneys' fees if not successful but correctly informing them about the potential for costs under Rule 54 should not unreasonably or unfairly discourage participation. *See Id.* at 39.

The Court rejects Defendant's contention that the Notice should inform opt in Plaintiffs of their obligation to preserve evidence. Upon their opt in it will be incumbent on counsel for the Plaintiffs to inform them of their obligation. Failure to preserve evidence may result in sanctions if the Court finds a plaintiff acted in bad faith in failing to preserve evidence, but the Court sees no reason to forewarn the putative plaintiffs.

Defendant next contends the notice should be written using neutral language, and that using the term "employees" through the Proposed Notice improperly suggests that a finding it was the employer of the drilling consultants is a foregone conclusion. Defendant

11

also contends the notice should not include language informing recipients not to contact Crescent Consulting, LLC, because such language potentially places it at odds with current drilling consultants or drilling consultants looking for placement. Defendant also suggests that placement of such a language in a court-approved notice would violate the free speech rights of notice recipients.

The Court concludes that certain uses of the term "employee" in the Notice can be changed to "drilling consultant" to more accurately reflect both the posture of the case and the scope of the collective action. Accordingly, Plaintiff is ordered to make changes to avoid implying that the Court has concluded that drilling consultants were employees not independent contractors. On page 1, in the "TO" section, "employed by" should be stricken. In the final line, the phrase "affected employees" should be changed to state "affected drilling consultants." On page 2, "current or former employees" should be changed to "current or former drilling consultants." In the second paragraph under the heading "2. What is This Lawsuit About?" the term "employees" should be changed to "drilling consultants." Finally, the paragraph in bold on page 4 indicating that recipients should not contact Crescent or Crescent's counsel is unnecessary to fulfill the goal of notice of the claim to potential plaintiffs and therefore shall be removed.

The Court further concurs with Defendant's contention that the proposed notice should be amended to clarify that the Court is impartial. In approving a notice to potential plaintiffs, the Court must be careful not to create an "apparent judicial sponsorship of the notice." *Woods v. New York Life Ins.*, 686 F.2d 578, 581 (7th Cir. 1982). The Seventh Circuit explained: "we think it improper for the district court to direct that the notice go

12

out on its letterhead, over the signature of the clerk of court or other judicial officer" because "the judicial imprimatur is likely to be misunderstood as a representation that the suit probably has merit." *Id*. Although Plaintiff's proposed notice is not on the Court's letterhead, it contains the caption of the case, including on the first page in bold type, "Court Authorized Notice" and "United States District Court for the Western District of Oklahoma." (Doc. No. 30-4, Pls.' App., Ex. 1.). This language could suggest to potential plaintiffs that the Court has lent its imprimatur to the merits of this case. As the Supreme Court observed, "[i]n exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of a judicial endorsement of the merits of the action." *Hoffmann-La Roche*, 493 U.S. at 174, 110 S.Ct. 482. The Court will permit the Plaintiff to include the case caption, but orders that phrase "Court Authorized Notice" be removed from the top and that the following be added to page 1 of the notice instead:

**THIS NOTICE AND ITS CONTENT HAS BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA. THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THIS LAWSUIT.**

Plaintiff may remove the similar language from the end of paragraph 1 in light of this required addition.

The Court further orders change based on its independent review of Plaintiff's proposal. Plaintiff should remove "This Court" from the first sentence of paragraph 5, as there is no basis for stating that the Court prohibits anyone from firing or otherwise

retaliating against participants. The Court further orders that Plaintiff include the following at the end of paragraph 7:

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

The remainder of the proposed notice is substantively appropriate and requires no amendment, except to the extent necessary to comply with the deadlines set forth herein.

Whitlow requests that the Court (1) authorize his counsel to send notice by mail and e-mail to putative class members; (2) allow plaintiffs 60 days from the date the notice is sent to opt-in to the collective action; (3) permit Plaintiff's counsel to send a reminder notice to putative class members 20 days after the mailing of the Notice and Consent Forms. To that end, Plaintiff requests that the Court order Defendant to provide his counsel with an Excel format spreadsheet containing the full name, last known address, last known e-mail address and telephone number of the putative class members, as well as the dates they began and terminated work on behalf of Crescent Consulting, LLC.[8] Plaintiff requests that this information be provided within ten days of this Order and within twenty days of this Order Plaintiff shall send a copy of the approved notice and consent to putative class members via First Class U.S. Mail and E-mail. Plaintiff further requests that the Court order Defendant to post the Notice and Consent forms in an open and obvious location on all job sites. Plaintiff also seeks permission for counsel to contact putative class member via telephone should their mailing address prove invalid.

---

[8] Defendant raises no objection to the request for information in an Excel spreadsheet or to the information sought.

With one exception, the Court concurs with the timeline submitted by Plaintiff and set forth above. Plaintiff may send notice by mail and e-mail. *See Prejean v. O'Brien's Response Mgmt., Inc.*, 2013 WL 5960674, at * 10 (E.D. La. Nov. 6, 2013) (granting request for notice by mail and e-mail to rig workers because "both e-mail and first-class mail [are] both routine and reasonably calculated to accomplish the broad remedial goals of the notice provision of the FLSA"). Putative class members will have 60 days from the date notice is sent to opt-in. 20 days before the deadline to opt-in, Plaintiff's counsel may send to putative class members, by mail and e-mail, a reminder notice. Telephonic contact will not be permitted at this juncture. Defendant shall have its requested 15 days from the date of this Order to provide Plaintiff's counsel with the list of all persons who it compensated as drilling consultants by a day-rate during the three years and 107 days prior to the date of issuance of the Court's order on this motion. The list should include each class member's (1) name, (2) last known mailing address, (3) last known telephone number, (4) last known personal e-mail address, and (5) last four digits of his or her social security number. The Court denies Plaintiffs' request that Crescent Consulting, LLC be required to post a notice and opt-in forms at jobsites as testimony reveals the jobsites generally belong to third-parties, not Crescent, and therefore the ordering of posting is not appropriate. Plaintiff shall provide a copy of its revised notice to Defendant which shall have twenty-four hours to comment or raise concerns before the notice may be issued. Defendant may not raise new issues with the Notice, which shall not deviate from that submitted by Plaintiff to the Court, except as set forth herein

For the reasons set forth herein, the Court certifies a collective class of all persons who served as drilling consultants on behalf of Defendant Crescent Consulting, LLC  and were paid, in full or part, a day-rate without overtime but performed in excess of forty hours of work in any given week at any time since April 29, 2014.

IT IS SO ORDERED this 14th day of August 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE