# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TOMMY WHITLOW, on behalf of himself and all other similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. CIV-16-1330-R |
| CRESCENT CONSULTING, LLC. | ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion to Stay and Compel Arbitration (Doc. No. 101). Plaintiff Shaw, the subject of the motion, responded in opposition thereto. Defendant filed a reply in support of its position. (Doc. No. 103). Accordingly, the motion is ripe for consideration. Having considered the parties' submissions, the Court finds as follows.

Plaintiff is part of a collective action against Defendant alleging violations of the Fair Labor Standards Act. He performed services to Defendant as a drilling consultant. He, and other Plaintiffs, contend Defendant mischaracterized them as independent contractors in an effort to avoid payment of overtime wages. The Court certified this as a collective action on August 14, 2017, and Plaintiff Shaw filed a consent to join on September 22, 2017. On February 8. 2018, Defendant filed the instant motion, asserting that a February 17, 2017, Independent Contractor Master Services Agreement executed between Mr. Shaw and Crescent Consulting mandates arbitration of this dispute. Plaintiff contends that

Defendant's motion defies the Court's Order regarding Notice, and further, that compelling arbitration is inappropriate under the Court's precedent and the Federal Arbitration Act.

Plaintiff's first contention is that the Notice sent to potential opt-in plaintiffs did not include any information regarding arbitration. Without citation, Plaintiff argues that to permit arbitration of his claims is contrary to the language of the Notice, which informed potential plaintiffs:

> If you return a Consent to Join Wage Claim form, you will join other drilling consultants who worked for Crescent and have already made a claim for unpaid overtime wages.

The Court finds no legal basis for embracing Plaintiff's argument. Certain opt-in Plaintiffs were identified only after the Court ordered Notice. Although Defendant may have anticipated seeking to arbitrate the claims of certain drilling consultants in light of existing arbitration agreements, Plaintiff presents no legal support for his conclusion that Defendant was required to identify this issue when it objected to Plaintiff's motion for certification as a collective action.[1]

Plaintiff next contends that the validity of the arbitration agreement is not presumed, and that it is not valid and enforceable, because it will effectively deprive him of an accessible forum to resolve his statutory claims. Doc. No. 103, p. 5.

> "In determining whether statutory claims may be arbitrated, we first ask whether the parties agreed to submit their claims to arbitration, and then ask whether Congress has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." 531 U.S. at 90, 121 S. Ct. 513.

---

[1] Plaintiff Shaw does not argue that the agreement is procedurally or substantively unconscionable. *See Espinoza v. Galardi South Ent., Inc*, No. 14-21244-CIV, 2015 WL 9592535 (S.D. Fla. Dec. 31, 2015)(discussing two general ways in which a court can deny enforcement of an arbitration agreement entered into by the potential plaintiffs after collective action is filed). By failing to develop such arguments, Plaintiff Shaw has waived the argument. *See Pollard v. ETS PC,* 186 F. Supp. 3d 1166 (D. Colo. 2016).

> The Court then separately addressed the effective vindication exception, suggesting that this exception stands apart from the issue of whether the parties voluntarily agreed to submit their claims to arbitration. In other words, we read *Green Tree* as implying that the effective vindication exception can apply even in situations where both parties voluntarily agreed, at the outset of their relationship, to arbitrate any claims that might arise between them. Under this framework, the availability of an opt-out clause is thus relevant only to the threshold question of "whether the parties agreed to submit their claims to arbitration," *id.*, and does not impact the availability of the effective vindication exception.

*Nesbitt v. FCNH, Inc.*, 811 F.3d 371, 378 (10th Cir. 2016). Although Plaintiff argues there is no presumption of a valid enforceable arbitration agreement, he does not dispute that he executed the February 2017 contract containing the arbitration provision. Rather, his second challenge is to the cost and fee shifting provision of the arbitration agreement.[2]

The arbitration provisions of the Independent Contractor Master Services Agreement include the following[3]:

> The Company and the Consultant agreed to share the expenses and fees of the arbitrator and the AAA arbitration administration fees. The Company will pay 75% of the fees and in the Consultant (sic) shall pay 25% of the fees. However, after limited and informal discovery and considering the likely scope, length, and cost of the arbitration, if the arbitrator decides that the arbitrator and the AAA's arbitration and administrative fees will be prohibitively expensive for the Consultant, then the Company will pay all arbitrator and AAA arbitration administration fees. The Company and the Consultant will be responsible for the expenses of their own legal representation, subject to the arbitrator awarding any attorney fees under applicable common decisional, and statutory law and the relevant jurisdiction.

---

[2] The final argument in response to the motion is an argument that the agreement lacked consideration. This argument would perhaps have been better placed at the beginning of Plaintiff's response, as it challenges the existence of a valid agreement to arbitrate. The Court notes here that the argument is not valid, and therefore will address the issues in the order presented by Plaintiff's response to the motion.

[3] Plaintiff does not argue that the terms of agreement do not apply to claims under the FLSA beyond the issues addressed herein.

Doc. No. 101-1, ¶ 14.3. Plaintiff bluntly states this provision "kills" the dispute resolution arbitration clause. Doc. No. 103, p. 5. The death of the provision is not instantaneous, as Plaintiff suggests, although it would have been prior to 2000. In 2000, the Supreme Court adopted a "case-by-case" approach to determining whether a cost-splitting provision deprives a litigant of an opportunity to vindicate statutory rights. *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79 (2000). Accordingly, the question presented is whether requiring Mr. Shaw to pay 25% of any arbitration fees will deprive him of his ability to vindicate his rights under the FLSA.

> [T]he Supreme Court has never elaborated on "[h]ow detailed the showing of prohibitive expense must be before the party seeking arbitration must come forward with contrary evidence," it has explained that "the fact that it is not worth the expense involved in proving a statutory remedy does not constitute the elimination of the right to pursue that remedy." *Am. Express Co. v. Italian Colors Restaurant*, 133 S. Ct. 2304, 2311 (2013). "So long as the prospective litigant effectively may vindicate its statutory cause of action in the arbitral forum, the statute will continue to serve both its remedial and deterrent function." *Id.* at 637. Moreover, the party "seek[ing] to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive ... bears the burden of showing the likelihood of incurring such costs." *Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 92 (2000).

*Daniels v. Encana Oil & Gas (USA) Inc.*, No. 16-CV-01851-CBS, 2017 WL 3263228, at *4 (D. Colo. Aug. 1, 2017). Plaintiff addresses the cost of arbitration proceedings, presenting a heavily-redacted Detail/Invoice Statement from the American Arbitration Association. Doc. No. 103-4. However, even assuming the Court accepts Plaintiff's representation that the arbitration in this case could reach $40,000.00, his exposure under such a scenario would be limited to $10,000 because the provision mandates a 25/75 split with Defendant. Furthermore, Plaintiff presents no evidence or argument that his personal

4

financial circumstances would prevent him from paying $10,000.[4] His day rate in 2017 while working for Crescent was $1348.00, and according to an exhibit provided by Defendant, Crescent paid him more than $95,000 between February and June of that year. Plaintiff's failure to present any evidence of an actual inability to pay prevents him from effectively invoking the exception.

Finally, Plaintiff relies on a prior Order from this Court, *Williams-Jackson v. Innovative Senior Care of Edmond LLC,* No. CIV-17-465-R, 2017 WL 4334232 (June 16, 2017), wherein the Court denied a motion to compel arbitration for want of consideration. On March 8, 2018, a week after Plaintiff's response brief, the Tenth Circuit reversed this Court's conclusion that the arbitration agreement was not enforceable on this basis, finding that the mutual obligation to arbitrate was sufficient consideration. *Williams-Jackson v. Innovative Senior Care of Edmond LLC.*, No. 17-6168, 2018 WL 1211872 (10th Cir. Mar. 8, 2018). Here as in *Williams-Jackson*, there is no unilateral right of the employer to amend the agreement, and accordingly, the "binding, mutual promises made by an employer and employee to arbitrate supply adequate consideration to support an arbitration agreement." *Id.* at *3. In light of the decision of the Tenth Circuit, Plaintiff cannot rely on *Williams-Jackson* to support his contention that the arbitration provision is not binding.

For the reasons set forth herein, the Court hereby GRANTS Defendant's Motion to Stay and Compel Arbitration as it relates to Plaintiff Shaw. Accordingly, his claims are stayed and the claims of the remaining Plaintiffs shall proceed.

---

[4] Plaintiff does not identify the location of the arbitration, but states it was an FLSA action. The failure to provide such information makes it difficult for the Court to rely on the information.

5

IT IS SO ORDERED this 23rd day of April, 2018.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE